UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| QUALITY KING FRAGRANCE INC., Plaintiff, v. NATHAN BARBANEL, Defendant. | Civil Action No. 06-367 (MCA) (LDW) **REPORT AND RECOMMENDATION** |

### LEDA DUNN WETTRE, United States Magistrate Judge

Before the Court is defendant Nathan Barbanel's unopposed motion to cancel and discharge the Default Judgment entered against him in this action, and any resulting judgment lien, pursuant to N.J.S.A. 2A:16-49.1. (ECF No. 15). United States District Judge Madeline Cox Arleo referred this motion to the undersigned for a Report and Recommendation. Having considered the unopposed motion papers, for the reasons set forth herein, and for good cause shown, this Court recommends that the motion to cancel and discharge the Default Judgment against Barbanel and the resulting judgment lien be **GRANTED**.

### I. BACKGROUND

Plaintiff Quality King Fragrance, Inc. commenced this action against defendants Lenel Merchandising Corp. ("Lenel") and Nathan Barbanel on January 25, 2006. The Complaint asserted claims for breach of contract, fraud, unjust enrichment, and conversion arising from an allegedly uncompleted deal for a sale of fragrance merchandise. (ECF No. 1). Neither defendant ever filed an Answer. The Court entered a Default Judgment in the amount of $151,300 against Lenel on May 17, 2006 (ECF No. 5) and a Default Judgment for the same amount against Barbanel

on May 3, 2007 (ECF No. 14). Pursuant to New Jersey law and 28 U.S.C. § 1962, this judgment became a lien against property that Barbanel and his wife owned at 2 Norma Court, Marlboro, New Jersey ("the Marlboro property").[1]

Barbanel and his wife filed for chapter 7 bankruptcy in the Bankruptcy Court for the District of New Jersey in January 2012, listing Plaintiff among their creditors. (*See* Barbanel Certification, Ex. B, ECF No. 15-1, ECF pp. 28, 34, 56; *see also Barbanel*, Case No. 12-11930 (KCF) (Bankr. D.N.J.)). At the commencement of the Barbanels' proceeding, the aggregated amounts of mortgages, liens, and their bankruptcy exemption exceeded the value of the Marlboro property, and, accordingly, the bankruptcy trustee abandoned it, without any objection, as inconsequential to the value of the estate. (*See* Barbanel Certification, Ex. C, ECF No. 15-1 at ECF pp. 66–69). Bankruptcy Judge Kathryn C. Ferguson entered a final Discharge Order on May 4, 2012 that discharged all of the Barbanels' pre-bankruptcy-filing debt. (Barbanel Certification, Ex. D, ECF No. 15-1 at 71).

## II. LEGAL ANALYSIS

Barbanel now moves for an order canceling and discharging the Default Judgment entered against him in this action, as well as the consequent judgment lien against the Marlboro property, pursuant to N.J.S.A. 2A:16-49.1. (ECF No. 15). That statute permits a person to apply for cancelation and discharge of a judgment to the Court that entered it after one year has passed since a discharge in bankruptcy. N.J.S.A. 2A:16-49.1. It further directs that the Court *shall* direct

---

[1] The Supreme Court of New Jersey has held that "[a] holder of a docketed judgment has a lien on all real property held by the judgment debtor in the state." *New Brunswick Sav. Bank v. Markouski*, 123 N.J. 402, 411–12 (1991). Section 1962 provides, in relevant part, that "[e]very judgment rendered by a district court within a State shall be a lien on the property located in such State in the same manner, to the same extent and under the same conditions as a judgment of a court of general jurisdiction in such State, and shall cease to be a lien in the same manner and time." 28 U.S.C. § 1962.

cancelation and discharge of the judgment where it is shown that the applicant "has been discharged from the payment of that judgment or the debt upon which such judgment was recovered." *Id.*

> This statute does, however, contain an exception, stating that
>
> [w]here the judgment was a lien on real property owned by the bankrupt prior to the time he was adjudged a bankrupt, *and not subject to be discharged or released under the provisions of the Bankruptcy Act*, the lien thereof upon said real estate shall not be affected by said order and may be enforced.

*Id.* (emphasis added). New Jersey caselaw establishes that the purpose of section 2A:16-49.1 is to assure that judgments "intended to be discharged under federal bankruptcy law will not continue to cloud the marketability of title to property owned by the debtor." *Chemical Bank v. James*, 354 N.J. Super. 1, 8 (App. Div. 2002); *Party Parrot, Inc. v. Birthdays & Holidays, Inc.*, 289 N.J. Super. 167, 173 (App. Div. 1996). Consequently, the determinative question on a motion to discharge a judgment under this statute is "whether or not the lien was subject to be discharged or released under the provisions of the Bankruptcy Code." *Chemical Bank*, 354 N.J. Super. at 9 (internal quotation marks omitted); *see also Gaskill v. Citi Mortg., Inc.*, 428 N.J. Super. 234, 241 (App. Div. 2012); *Party Parrot, Inc.*, 289 N.J. Super. at 173.

Section 544 of the Bankruptcy Code permits a bankruptcy trustee to avoid judgment liens against a bankrupt party's real property. 11 U.S.C. § 544(a)(1); *Chemical Bank*, 354 N.J. Super. at 11; *Party Parrot, Inc.*, 289 N.J. Super. at 174–75. Accordingly, New Jersey courts have consistently found that abandonment of real property by a bankruptcy trustee, and consequent survival of liens against that property, does not alter the fact that a judgment lien against the property *could* have been discharged during the bankruptcy proceeding. *Chemical Bank*, 354 N.J. Super. at 9, 11. A judgment lien becomes non-dischargeable only if it is levied upon, either before bankruptcy filing or after the bankruptcy trustee's abandonment of the property. *See Chemical*

3

*Bank*, 354 N.J. Super. at 9, 11, 12; *see also Gaskill*, 428 N.J. Super. at 243; *Party Parrot, Inc.*, 289 N.J. Super. at 171–72, 175.

Although Barbanel indicates service of the instant motion by mail upon both Plaintiff and its counsel,[2] neither Plaintiff nor any other party has filed opposition to this relief. In any case, it appears that Barbanel has made the requisite showing for an order of discharge under N.J.S.A. 2A:16-49.1. The Default Judgment in this action (ECF No. 14) imposed a lien upon the Marlboro property under New Jersey law and 28 U.S.C. § 1962. As no party had levied upon the judgment lien by the Barbanels' January 2012 bankruptcy filing, it was subject to discharge by the bankruptcy trustee. While the debt underlying the Default Judgment was discharged by the Barbanels' bankruptcy proceeding, the judgment lien against the Marlboro property was not discharged due to the bankruptcy trustee's abandonment of the property. As required under section 2A:16-49.1, over a year has passed since entry of the Bankruptcy Court's Order discharging the Barbanels, and Plaintiff did levy upon the judgment lien in the interim. Discharge of the judgment lien would accord with the result of many opinions from New Jersey courts addressing the same circumstances. *See, e.g.*, *Midlantic Nat'l Bank v. Vessel "Canadian Star"*, Civ. A. No. 91-4179 (CSF), 2009 WL 936773 (D.N.J. Apr. 6, 2009); *ABC Bail Bonds, Inc. v. Munoz*, 2009 WL 1045981, at *1, 5 (N.J. App. Div. Apr. 21, 2009); *United Supply Co. v. O'Malley & Sons, Inc.*, 2005 WL 3439877 (N.J. App. Div. Dec. 16, 2005); *Chemical Bank*, 354 N.J. Super. at 4–5, 9.

---

[2] Additionally, it appears that Plaintiff's counsel should have received electronic notice of the motion by way of the Court's Electronic Case Files system.

4

### III. CONCLUSION

For the reasons stated above, this Court respectfully recommends that Barbanel's motion to cancel and discharge the Default Judgment against him (ECF No. 14) and any resulting judgment lien be **GRANTED**; and this Court further respectfully recommends

that the Court direct the Clerk of the Court to cancel and discharge the Default Judgment against defendant Barbanel (ECF No. 14) and any resulting judgment lien, by entering on the record a notation that the Default Judgment and any resulting judgment lien is canceled and discharged by Order of the Court.

Dated: February 6, 2017

*Leda Dunn Wettre*
**Leda Dunn Wettre**
**United States Magistrate Judge**

Original: Clerk of the Court
cc: Hon. Madeline Cox Arleo, U.S.D.J.
All Parties

Case 2:06-cv-00367-MCA-LDW   Document 17   Filed 02/07/17   Page 6 of 6 PageID: 146